**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ORLANDO ANDASOL GALDAMEZ,<br><br>                                    Petitioner,<br><br>v.<br><br>WARDEN OF IMPERIAL DETENTION FACILITY, et al.,<br><br>                                    Respondents. | Case No.:  3:26-cv-01099-RBM-VET<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

On February 20, 2026, Petitioner Jose Orlando Andasol Galdamez ("Petitioner") filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition").  (Doc. 1.) Petitioner claims he "is being unlawfully detained under the wrong statutory authority" and that he is entitled to a bond hearing based on his membership in the Bond Eligible Class in *Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS-BFM, — F. Supp. 3d —, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).  (*Id*. at 4–6.)

Respondents filed a Response to the Petition on February 26, 2026.  (Doc. 4.) Petitioner did not file an optional reply.  For the reasons set forth below, the Petition is **GRANTED**.

## I.    BACKGROUND

Petitioner, a national of El Salvador, entered the United States without inspection on or around August 15, 2006.  (Doc. 1-3 at 3.)  On December 9, 2025, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE").  (Doc.1 at 4.)  That same day, Petitioner was issued a Notice to Appear ("NTA") charging him as a noncitizen "present in the United States who has not been admitted or paroled."  (Doc. 1-3 at 3.)  Since then, Petitioner has been detained in ICE custody at the Imperial Regional Detention Facility.  (Doc.1 at 4.)  Petitioner alleges that he "has no criminal record, has cooperated with DHS, and is not a flight risk, [and] had current work authorization" at the time of his arrest.  (*Id*.)

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.    DISCUSSION

Petitioner claims he "is being unlawfully detained under the wrong statutory authority," 8 U.S.C. § 1225(b)(2), and seeks a "custody redetermination bond hearing to be considered for bond eligibility."  (Doc. 1 at 4.)  Respondents concede that Petitioner is a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), is detained under 8 U.S.C. § 1226(a), and is therefore entitled to a bond hearing.  (Doc. 4 at 2.)  The Court notes that the Ninth Circuit stayed and restricted application of that class to only those located in the Central District of California.  *Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044, ECF No. 5 at 1 (9th

Cir. Mar. 6, 2026). Nonetheless, this Court has agreed with the reasoning in *Bautista* and previously found that similarly situated petitioners are not subject to mandatory detention under § 1225. *See Rodriguez v. LaRose*, Case No.: 3:25-cv-02940-RBM-JLB, 2025 WL 3456475, at *5 (S.D. Cal. Dec. 2, 2025); *Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410, at *1 (S.D. Cal. Dec. 8, 2025); *Hernandez Flores v. LaRose*, Case No.: 3:25-cv-03023-RBM-DDL (S.D. Cal. Nov. 25, 2025), ECF No. 8 at 6–8. For the same reasons stated in those cases, and as the Parties agree that Petitioner is detained under § 1226(a), the Court **GRANTS** the Petition.

## IV.   CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly, the Court **ORDERS** as follows:

1. Respondents shall provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) **within fourteen (14) days** of the entry of this Order. Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

2. Respondents **SHALL NOT** deny Petitioner's bond on the basis that his detention is governed by the mandatory detention provision under 8 U.S.C. § 1225(b)(2).

3. If the bond hearing is not conducted **within fourteen (14) days** of the entry of this Order, Respondents shall release Petitioner from custody until it is determined that his detention is warranted under § 1226(a).

4. Respondents are **ORDERED** to File a Notice of Compliance within **five (5) days** of providing Petitioner with a bond redetermination hearing, including apprising the Court of the results of the hearing.

**IT IS SO ORDERED**.

DATE:  March 23, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE